IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Raymond Craig Johnson,[1] | ) | |
| | ) | C/A No. 0:19-cv-03248-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, *F.C.I Edgefield*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      Petitioner filed this action *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge filed a Report and Recommendation recommending that this court dismiss Petitioner's § 2241 petition without requiring Respondent to file a return. (ECF No. 7). Thereafter, Petitioner filed a motion to amend his Petition. (ECF No. 13). The undersigned judge granted the motion to amend (ECF No. 13) and declined to adopt the magistrate judge's initial Report and Recommendation (ECF No. 7), as it had become moot. (ECF No. 14). Petitioner filed his amended petition (ECF No. 17), and the undersigned judge referred the matter back to the magistrate judge for further proceedings and consideration of the amended petition (ECF No. 14). Before the court is the magistrate judge's second Report and Recommendation (the "Report"), which recommends that the amended petition be dismissed without prejudice and without requiring the respondent to file

---

[1] When the Petition was filed and this case was initiated, Petitioner was confined in this district at Federal Correctional Institution, Edgefield. *See* (ECF No. 1). Accordingly, the Petition was properly filed in this district as Petitioner's district of confinement. However, the court notes that on February 20, 2022, after the filing of the Report, the objections, and the supplemental objections, Petitioner informed the court that he had been transferred to Federal Correctional Institution, Allenwood in Pennsylvania. (ECF No. 39).

a return. (ECF No. 18). Petitioner subsequently filed objections (ECF No. 23) and supplemental objections (ECF No. 29) to the Report.² The matter is ripe for review.

## I. Background

### A. Procedural History

The Report summarizes the procedural history and background, (ECF No. 18 at 1–2), which the court incorporates herein. Briefly, Petitioner pled guilty in the District Court for the Middle District of North Carolina pursuant to a written plea agreement to having "unlawfully obstruct[ed], delay[ed], and affect[ed] commerce . . . and the movement of articles and commodities in such commerce, by robbery" and did so "by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, to wit: by threatening the employees with a weapon while demanding United States currency and cigarettes[,]" in violation of 18 U.S.C. § 1951(a) and 2. *See United States v. Johnson*, Criminal Docket 1:15-cr-199-LCB-2, dkt. entries 1, 36, 35 (M.D.N.C. 2015). On February 2, 2016, the sentencing court sentenced Petitioner to 140 months imprisonment, to be followed by a three-year term of supervised release. *Id.* at dkt. entry 57 (M.D.N.C. Feb. 17, 2016). The court also imposed a one-hundred-dollar special assessment fee. *Id.*

In July 2016, Petitioner filed a motion for relief under 28 U.S.C. § 2255, indicating that he understood he had missed the deadline to file for relief pursuant to *United States v. Johnson*, 576 U.S. 591 (2015), but requesting that the court allow him to seek such relief nonetheless. *Id.* at dkt. entry 65 (M.D.N.C. July 7, 2016). A federal magistrate judge in that district issued a Report and Recommendation, which recommended that the case be dismissed without prejudice and that

---

² Petitioner also filed several letters, none of which contain any objections to the Report, nor are they responsive in any way to the Report. *See* (ECF Nos. 27, 30, 31, 33, 35, 37).

Petitioner be mailed proper forms so that he could file a proper § 2255 motion. *Id.* at dkt. entry 67 (M.D.N.C. Dec. 8, 2016). The court mailed Petitioner a copy of the Report and Recommendation along with a notice of his right to file objections thereto. *Id.* at dkt. entry 68 (M.D.N.C. Dec. 8, 2016). Petitioner did not file any objections, and the district judge dismissed the case without prejudice on January 4, 2017. *Id.* at dkt. entry 69 (M.D.N.C. Jan. 4, 2017).

## B. Instant § 2241

Petitioner now seeks habeas relief from this court pursuant to § 2241, arguing that "reasonable jurist[s] could debate" the following issues: whether counsel was ineffective for advising Petitioner to enter his plea agreement; whether the district judge erred in accepting Petitioner's guilty plea "without ordering [Petitioner] a mental evaluation"; and whether Petitioner's guilty plea was knowingly and intelligently made in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *See* (ECF No. 17). Petitioner further argues that his counsel was ineffective for "failing to investigate the actions by the Federal Government. . . failing to investigate the accuracy of [Petitioner's] criminal history points and the specific offense characteristic enhancements"; failing to contest various statements "after winning [a] *Franks*[3] hearing"; and "failing to demand a mental health evaluation." *Id.* at 1.

In the Report, the magistrate judge correctly noted that Petitioner cannot challenge his conviction or sentence under § 2241 unless he can satisfy the "savings clause" of § 2255, (ECF No. 18 at 3), which requires him to demonstrate that the relief available under § 2255 is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e). "[T]he remedy

---

[3] *Franks v. Delaware*, 438 U.S. 154 (1978), addresses a defendant's right to challenge evidence when such evidence was discovered pursuant to a warrant that was improperly granted on the basis of a false or fraudulent statement.

afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Rather, to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a conviction, a petitioner must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000); *see also United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (establishing a four-part test for determining whether § 2255 is "inadequate or ineffective" to challenge *sentencing* errors). Significantly, the savings clause is a "jurisdictional provision." *Wheeler*, 886 F.3d at 423. Thus, if a petitioner cannot meet one of the *Jones* or *Wheeler* requirements, then the § 2241 petition "must be dismissed for lack of jurisdiction." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

The magistrate judge noted that in her prior Report and Recommendation, she had determined that Petitioner "failed to explain why his claims regarding the calculation of his sentence could not have been raised by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, and therefore, Petitioner failed to satisfy the savings clause of § 2255." (ECF No. 18 at 3). The magistrate judge further indicated that the Amended Petition "does not change the court's analysis of Petitioner's claims about the calculation of his sentence." *Id*. at 4. Furthermore, she concluded that the new claims for ineffective assistance of counsel and for the

4

sentencing court's refusal to order a mental health evaluation "suffer from the same deficiency" and that "Petitioner fails to explain why he could not have raised these claims in his § 2255 motion." *Id.* Finally, despite Petitioner having raised claims for relief under *Rehaif*, the magistrate judge determined that "Petitioner fails to identify a substantive change in the law that affects his conviction or sentence." *Id.* at 4. This is because, as the magistrate judge correctly stated, *Rehaif* only applies to convictions for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), which was not the basis of Petitioner's conviction. *Id.* at n.4.

Thus, the magistrate judge recommended the court dismiss the petition for lack of jurisdiction, without requiring Respondent to file a return. *Id*. at 4–5.  Petitioner subsequently filed objections to the Report. (ECF No. 23), and a supplement thereto (ECF No. 29).[4] After carefully reviewing the record and the submissions of the parties, the court concludes a hearing is unnecessary to decide this matter. Accordingly, this matter is ripe for the court's review.

## II. Legal Standards

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not

---

[4] Notably, the supplement, which was filed on July 17, 2020, was well outside the deadline for filing objections to the Report. *See* (ECF No. 18 at 6) (setting a fourteen-day time period for objections to the Report, which began to run on March 25, 2020).

objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Since Petitioner filed his petition *pro se*, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Analysis

In his objections, Petitioner, in large part, merely states his disagreement with the overall conclusions made by the magistrate judge. *See* (ECF No. 23). However, the court gleans several specific objections to the Report. First, Petitioner appears to argue that he meets the savings clause of § 2255, relying in large part on post-*Booker*[5] case law that allowed for defendants sentenced pre-*Booker* to bring § 2241 claims to challenge the mandatory application of the United States Sentencings Guidelines. (ECF No. 23 at 3) (citing *United States v. Hill*, 836 F.3d 591, 595 (6th Cir. 2017; *Brown v. Carraway*, 719 F.3d 583, 586 – 87 (7th Cir. 2013)). Petitioner further cites several other cases in relation to his objection but provides no explanation as to why he relies on such cases. *See id.* (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *In re Davenport*, 147 F.3d 605, 609–11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997)). However, all of these cases deal with the retroactively applicable case of *Bailey v. United States*, 516 U.S. 137 (2005). *See Reyes-Requena*, 243 F.3d at 894 (holding that the petitioner had satisfied the § 2255 savings clause by raising a claim under *Bailey*)*; In re Davenport*, 147 F.3d at 609–11 (same); *In re Dorsainvil*, 119 F.3d at 251 (same). Petitioner was convicted and sentenced post-*Bailey*, so any reliance on *Bailey* or on the cited case law in Petitioner's objections as a "retroactively applicable" change in the law to support Petitioner's alleged application of the § 2255 savings clause is misplaced. Furthermore, none of the cases to which he cites are mandatory authority in this district.

Similarly, to the extent Petitioner relies on *Rehaif* and its progeny to support his notion that he has met the savings clause test, such reliance is misplaced, as Petitioner was not convicted of a

---

[5] *United States v. Booker*, 543 U.S. 220 (2005) changed the way courts applied the United States Sentencing Guidelines, making the Guidelines advisory and not mandatory.

violation under 18 U.S.C. § 922(g). Petitioner argues that "the provisions of *Rehaif* applies [sic] to every above objection made by him" in his initial objections. (ECF No. 23 at 14). Petitioner appears to argue that the policy arguments in *Rehaif* regarding *mens rea* are globally applicable to all criminal statutes and that, as such, this court should "properly calculate his sentence." (ECF No. 23 at 14). In his supplemental objections, which were untimely, Petitioner seeks to elaborate on his objections regarding *Rehaif*. (ECF No. 29). In that supplement, Petitioner further cites to several subsequent cases for the "settled law by which the 4th Circuit must measure cases on collateral review" and that *Rehaif* is "in no way limited to 922(g) convictions." (ECF No. 29 at 1–3) (citing *Andrus v. Texas*, ___ U.S. ___, 140 S. Ct. 1875 (2020); *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020 ); *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020) (*rev'd* by *Greer v. United States*, ___U.S.___, 141 S. Ct. 2090 (2021)[6]). Notably, *Lockhart* and *Gary* specifically dealt with 922(g) convictions. Furthermore, *Gary* was reversed by the Supreme Court, and the Supreme Court decision was clear that its consideration of *Gary* and application of *Rehaif* was expressly limited to felon in possession cases. *Greer*, 141 S. Ct. at 2100 ("In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."). Accordingly, to the extent Petitioner's objections suggest that *Rehaif* applies retroactively to his conviction, such objections are overruled. Additionally, *Andrus* does not implicate *Rehaif* at all. Instead, the Supreme court in *Andrus* dealt with whether counsel's failure to investigate and uncover mitigating circumstances and, in turn, counsel's "introduction of seemingly *aggravating* evidence" constituted ineffective assistance of counsel under *Strickland*.

---

[6] *Gary* was consolidated before the Supreme Court with *United States v. Greer*, 798 Fed. App'x 483 (11th Cir. Jan. 8, 2020).

*Andrus*, 140 S. Ct. at 1875–87. Nowhere in *Andrus* does the Supreme Court announce a retroactively applicable change in the law, nor has Petitioner provided the court with any authority setting forth such a proposition.

The remainder of Petitioner's objections, even liberally construed, do not address in any way the savings clause analysis set forth in the Report. The objections are non-specific and simply restate Petitioner's claims. Accordingly, for the reasons set forth herein, Petitioner's objections are overruled. Therefore, having thoroughly reviewed the Report, the record, and Petitioner's objections, the court finds no reason to deviate from the Report's recommended disposition. Accordingly, the court **ADOPTS** the Report (ECF No. 18) and **DISMISSES** the Amended Petition (ECF No. 17) without requiring a return from Respondent.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina<br>
March 16, 2023